MJU/SEA                                    F-4625

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HELEN HAYHURST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No.: 14 CV 2196 |
| ) | |
| 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, ) | |
| Individually and as agent of 303 TAXI, LLC, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT 303 TAXI, LLC'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, 303 TAXI, LLC, by and through its attorneys, URGO & NUGENT, LTD., and requests this Honorable Court to grant its Motion for Summary Judgment pursuant to Federal Rule 56, and in support thereof, states as follows:

1. That the Plaintiff, HELEN HAYHURST, has filed a Complaint at Law alleging she sustained injuries as a result of an automobile accident occurring on southbound Interstate 294 at or near mile marker 41 in the Chicagoland area, County of Cook, and State of Illinois on June 10, 2013 while she was a passenger in a taxicab operated by JAROSLAVAS BIELIAUSKAS.

2. That the Plaintiff's Complaint alleges that 303 TAXI, LLC owed her a duty of care.

3. That the Plaintiffs further alleges that JAROSLAVAS BIELIAUSKAS was an agent or employee of 303 TAXI, LLC, and was operating his taxicab pursuant to an agreement with 303 TAXI, LLC.

4. That the Defendant 303 TAXI, LLC filed an Answer to the Complaint denying that it owed Plaintiff a duty and denying any allegation of respondeat superior liability for the actions of JAROSLAVAS BIELIAUSKAS.

5. That, in fact, the driver JAROSLAVAS BIELIAUSKAS was not an agent, and/or employee of JUDI CAB CORP. *See* 303 Taxi's Affidavit marked as Exhibit "G" to the Statement of Facts.

6. JAROSLAVAS BIELIAUSKAS was not an employee of 303 TAXI, LLC. *Id.* at ¶3.

7. 303 TAXI, LLC did not pay salary to JAROSLAVAS BIELIAUSKAS. *Id.* at ¶4.

8. 303 TAXI, LLC did not withhold taxes on behalf of JAROSLAVAS BIELIAUSKAS. *Id.* at ¶5.

9. 303 TAXI, LLC had no authority to determine the hours that the cab was operated by JAROSLAVAS BIELIAUSKAS. *Id.* at ¶6.

10. 303 TAXI, LLC had no authority to determine which customers JAROSLAVAS BIELIAUSKAS picked up. *Id.* at ¶7.

11. 303 TAXI, LLC had no right to share in any profits or losses made through the use of the medallion or the cab by JAROSLAVAS BIELIAUSKAS. *Id.* at ¶8.

12. JAROSLAVAS BIELIAUSKAS was not required to report the location of the cab while driving, maintain a trip sheet, keep a written record of fares, or report fares collected to 303 TAXI, LLC. *Id.* at ¶9.

13. 303 TAXI, LLC was not the owner of the vehicle operated by JAROSLAVAS BIELIAUSKAS at aforesaid time and place. *Id.* at ¶10.

14. 303 TAXI, LLC did not pay for gas usage during cab operations nor controlled where gas could be purchased by JAROSLAVAS BIELIAUSKAS. *Id.* at ¶11.

15. 303 TAXI, LLC was not responsible for maintenance of vehicle and did not require JAROSLAVAS BIELIAUSKAS to use specific maintenance services. *Id.* at ¶12.

16. JAROSLAVAS BIELIAUSKAS was not performing any errands or tasks on behalf of 303 TAXI, LLC.

17. That 303 TAXI, LLC was merely a dispatch service, and it was not the owner of the vehicle, it was not the driver of the vehicle, and it was not the affiliate company *Id.*

18. That the only relationship between TAXI, LLC and JAROSLAVAS BIELIAUSKAS was that of lessor and lessee. *Id.* at ¶12; "Dispatch Equipment Lease" marked as Exhibit "B" to the Statement of Facts.

19. That because there was no principal-agent relationship and no employer-employee relationship between 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, 303 TAXI, LLC did not have any duty of care towards HELEN HAYHURST.

20. That there exists no genuine issue of material fact, and therefore, Defendant 303 TAXI, LLC is entitled to judgment as a matter of law.

21. That 303 TAXI, LLC has made every attempt since the inception of this lawsuit to have 303 TAXI, LLC voluntarily dismissed in an effort to avoid filing a motion for summary judgment and in the interest of judicial economy, but Plaintiff has refused to voluntarily dismiss 303 TAXI, LLC.

22. That 303 TAXI, LLC will be severely prejudiced if it is not dismissed from this lawsuit as it is not a proper party and shares no part in the liability. No judgment can be properly entered in this case regarding 303 TAXI, LLC.

23. This motion is not made for the purpose of delay or for any other improper purpose.

WHEREFORE the Defendant, 303 TAXI, LLC, respectfully requests this Honorable Court to enter an order granting summary judgment in its favor, dismissing 303 TAXI, LLC with prejudice, and for any such other and further relief as this Honorable Court deems just and appropriate.

        Respectfully submitted
        **URGO & NUGENT, LTD.**

*/s/ Sarah Allen*

One of the Attorneys for Defendant
303 Taxi, LLC

**URGO & NUGENT, LTD.**
2 N. LaSalle Street
Suite 1800
Chicago, IL 60602
(312) 263-6635