## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HELEN HAYHURST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Court No.:  14 CV 2196 |
| | ) | |
| 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, | ) | |
| Individually and as agent of 303 TAXI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| STARNET INSURANCE COMPANY, BERKLEY | ) | |
| RISK ADMINISTRATES COMPANY, LLC, and | ) | |
| YORK RISK SERVICES GROUP, INC., | ) | |
| | ) | |
| Plaintiffs in Interpleader, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL CAR RENTAL, a Delaware Corporation, | ) | |
| ENTERPRISE LEASING COMPANY OF CHICAGO, | ) | |
| LLC, a Delaware limited liability company d/b/a | ) | |
| ENTERPRISE HOLDINGS, EAN HOLDINGS, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| CHUBB GROUP OF INSURANCE COMPANIES, | ) | |
| HELEN HAYHURST, an individual, SCOTT | ) | |
| SCHWEIGHOUSER, an individual, CARMI | ) | |
| WEINZWEIG, an individual, MICHAEL CHARLES | ) | |
| BARANGER, an individual, | ) | |
| | ) | |
| Defendants in Interpleader. | ) | |

## COMPLAINT IN INTERPLEADER

NOW COME Plaintiffs in Interpleader, STARNET INSURANCE COMPANY,

BERKLEY RISK ADMINISTRATES COMPANY, LLC, and YORK RISK SERVICES

GROUP, INC. ("Plaintiffs"), by and through their attorneys, Urgo & Nugent, Ltd., and as for

their Complaint in Interpleader against Defendants in Interpleader, NATIONAL CAR RENTAL,

a Delaware Corporation, ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, a

Delaware limited liability company d/b/a ENTERPRISE HOLDINGS, EAN HOLDINGS, LLC, a Delaware limited liability company, CHUBB GROUP OF INSURANCE COMPANIES, HELEN HAYHURST, an individual, SCOTT SCHWEIGHOUSER, an individual, CARMI WEINZWEIG, an individual, and MICHAEL CHARLES BARANGER, an individual, ("Defendants") state as follows:

1. This is an action in Interpleader by Plaintiffs in Interpleader, STARNET INSURANCE COMPANY, BERKLEY RISK ADMINISTRATES COMPANY, LLC, and YORK RISK SERVICES GROUP, INC. for a discharge of Plaintiffs' liability with respect to the policy limits remaining under a policy of insurance issued by STARNET INSURANCE COMPANY under Policy No. CAA6601935. A true and correct copy of the Certificate of Insurance issued to Jaroslavas Bieliauskas and relevant portions of the policy are attached hereto as Exhibit A.

2. This Court has jurisdiction pursuant to 28 U.S.Code §1335 and Fed. R. Civ. P. 22.

3. Venue in this jurisdiction is proper pursuant to 28 U.S.Code §1397 because one or more of the claimants, Defendants in Interpleader, reside in the Northern District of Illinois.

4. Defendants in Interpleader, NATIONAL CAR RENTAL, a Delaware Corporation, ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, a Delaware limited liability company d/b/a ENTERPRISE HOLDINGS, and EAN HOLDINGS, LLC, a Delaware limited liability company are doing business in the Northern District of Illinois.

5. Defendant in Interpleader, CHUBB GROUP OF INSURANCE COMPANIES, is doing business in the Northern District of Illinois.

6. Defendant in Interpleader, HELEN HAYHURST, resides in the Western District of Michigan.

7. Defendant in Interpleader, SCOTT SCHWEIGHOUSER, resides in the Northern District of Illinois.

8. Defendant in Interpleader, CARMI WEINZWEIG, resides in the Northern District of Illinois.

9. Defendant in Interpleader, MICHAEL CHARLES BARANGER, resides in the Central District of California.

10. STARNET INSURANCE COMPANY issued a policy of insurance (the "Policy") to Jaroslavas Bieliauskas under Policy No. CAA6601935 for the time period January 1, 2013 to January 1, 2014 with a combined single limit of $350,000.00 subject to the Illinois Safety Responsibility Law which requires that STARNET INSURANCE COMPANY first provide separate limits as follows: (a) $20,000.00 for "bodily injury" to any one person caused by any one "accident," (b) $40,000.00 for "bodily injury" to two or more persons caused by any one "accident," and (c) $15,000.00 for "property damage" caused by any one "accident." A true and correct copy of the Certificate of Insurance issued to Jaroslavas Bieliauskas and relevant portions of the policy are attached hereto as Exhibit A, See pgs. 1 and 22.

11. The policy further provides that the limits of liability coverage are at least: "a. $100,000.00 for "bodily injury" to any one person caused by one "accident," b. $300,000.00 for "bodily injury" to two or more persons caused by any one "accident," and c. $50,000.00 for "property damage" caused by any one "accident." Ex. A at pg. 22.

12. The policy provides that:

> Regardless of the number of covered "autos," "insureds," premiums paid, claims made, or vehicles involved in the "accident," the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.
> Ex. A at pg. 12.

3

13. The Limits Limit of Insurance for Liability Coverage shown in the Declarations is $350,000.00.

14. Defendant in Interpleader, HELEN HAYHURST, filed a lawsuit in the United States District Court in the Northern District of Illinois, against Jaroslavas Bieliauskas seeking damages for personal injury she allegedly suffered as a result of a car accident which occurred on southbound Interstate 294 at or near mile marker 41, County of Cook, State of Illinois on June 10, 2013 and styled: *Helen Hayhurst v. 303 Taxi and Jaroslavas Bieliauskas , individually and as agent of 303 Taxi, LLC*, Court No. 13-cv-2196; She has made a demand for $300,000.00.

15. Defendant in Interpleader, NATIONAL CAR RENTAL, has submitted a claim for property damage as a result of the accident against the Policy.in the amount of $19,549.09.

16. Defendant in Interpleader, CHUBB GROUP OF INSURANCE COMPANIES, has submitted a claim for property damage as a result of the accident against the Policy in the amount of $30,686.50.

17. Defendant in Interpleader, CARMI WEINZWEIG, has submitted a claim for personal injury as a result of the accident against the Policy in an undetermined amount.

18. SCOTT SCHWEIGHOUSER and MICHAEL CHARLES BARANGER have potential claims for personal injury as a result of the accident against the Policy

19. The value of the current and potential claims against the Policy exceed the total limit of the Policy.

20. Plaintiffs advised Defendants that the completing claims exceed the total limit of the Policy. True and correct copies of the letters sent by Plaintiffs to Defendants on various dates are attached hereto as Exhibit B.

21. Given the competing claims and potential claims for funds under the Policy, Plaintiffs cannot determine which of the Defendants in Interpleader are entitled to the benefits of the Proceeds of the Policy or how to apportion these proceeds among the Defendants.

22. Plaintiffs are disinterested stakeholders regarding the distribution of the funds created by the Policy.

23. Plaintiffs file this Interpleader action in good faith and without any collusion with any of the parties hereto.

24. Plaintiffs are prepared to tender to the registry of this Court the sum of Three Hundred Fifty Thousand ($350,000.00) representing the Policy's total damages limit of liability.

WHEREFORE, Plaintiffs in Interpleader, STARNET INSURANCE COMPANY, BERKLEY RISK ADMINISTRATES COMPANY, LLC, and YORK RISK SERVICES GROUP, INC. pray that this Court accepts jurisdiction of this interpleader action and enter judgment against Defendants in Interpleader, NATIONAL CAR RENTAL, a Delaware Corporation, ENTERPRISE LEASING COMPANY OF CHICAGO, LLC, a Delaware limited liability company d/b/a ENTERPRISE HOLDINGS, EAN HOLDINGS, LLC, a Delaware limited liability company, CHUBB GROUP OF INSURANCE COMPANIES, HELEN HAYHURST, an individual, SCOTT SCHWEIGHOUSER, an individual, CARMI WEINZWEIG, an individual, and MICHAEL CHARLES BARANGER, an individual, and enter an order (1) that the Defendants in Interpleader and each of them be required to interplead and litigate among themselves their claims to the proceeds under the Policy as described above, (2)

5

that the Plaintiffs in Interpleader be discharged from any further liability under the Policy in connection with this lawsuit and specifically that Plaintiffs shall be found to have no obligation to defend or indemnify any party to this matter, and (3) granting Plaintiffs in Interpleader any such other and further relief as this court deems just and appropriate.

Respectfully submitted,

One of the Attorneys for the Defendants, 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS

**URGO & NUGENT, LTD.**
Two North LaSalle Street
Suite 1800
Chicago, IL 60602
(312) 263-6635

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
3/1/2013

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. IF SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER Eastern Cab Insurance Agency 5200 N. Otto Chicago, IL 60656 www.buplic.com | CONTACT NAME: Stephen Bosy | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): 312-705-1133 | | FAX (A/C, No): 312-781-0373 |
| | E-MAIL ADDRESS: sbosy@buplic.com | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| INSURED Jaroslavas Bieliauskas 320 W Ivy Ln Arlington Heights IL 60004-3038 | INSURER A : Starnet Insurance Company | | 40045 |
| | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES    CERTIFICATE NUMBER: 15626444    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** | | | | | | EACH OCCURRENCE | $ |
| | ☐ COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | ☐ CLAIMS-MADE ☐ OCCUR | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | | GENERAL AGGREGATE | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** | | | CAA6601935 | 1/1/2013 | 1/1/2014 | COMBINED SINGLE LIMIT (Ea accident) | $ 350,000 |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ ALL OWNED AUTOS ☑ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | UM/UIM | | | CAA6601935 | 1/1/2013 | 1/1/2014 | $40,000 CSL | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Cab No.: 344  Plate No. 28830TX  Vehicle Year/Make/Model: 2010 CHRYSLER T & C  Vehicle VIN No.: 2A4RR5D1XAR266592
Should any of the above policies be cancelled before the expiration date shown above, the issuing insurer will mail a written notice 10 days
in advance of cancellation to the certificate holder named below.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| S.O.S. Taxi/Livery Dept 5401 N. Elston Ave Chicago IL 60630 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |
| | Jeffrey Spratt |

© 1988-2010 ACORD CORPORATION

ACORD 25 (2010/05)    **The ACORD name and logo are registered marks of ACORD**

CERT NO.: 15626444  CLIENT CODE: 2013 - 2014  Tom Ossmann 3/1/2013 7:36:32 AM Page 1 of 1


EXHIBIT A

POLICY NUMBER:
CAA 6601935-11

**COMMERCIAL AUTO**
**CA DS 03 03 06**

## BUSINESS AUTO DECLARATIONS

**StarNet Insurance Company**

**ITEM ONE**

| Named Insured & Mailing Address: | Agent Name & Address:  10011 |
|---|---|
| JAROSLAVAS BIELIAUSKAS<br>320 W. IVY LN<br>ARLINGTON HEIGHTS, IL 60004 | (847)368-8928<br><br>Eastern Insurance Agency<br>5200 North Otto Avenue<br>Chicago, IL 60656-1011 |

| Policy Period | |
|---|---|
| **From:**  January 1, 2013 | |
| **To:**  January 1, 2014 | At 12:01 A.M. Standard Time at your mailing address. |
| **Previous Policy Number:** | CAA 6601935-10 |

**Form Of Business:** [ ] Corporation  [ ] Limited Liability Company  [X] Individual
[ ] Partnership  [ ] Other:

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

| Premium shown is for policy period above. $ ▓▓▓▓▓ |
|---|
| **Audit Period**<br>**(If Applicable):**  [ ] Annually  [ ] Semi-Annually  [ ] Quarterly  [ ] Monthly |

### Endorsements Attached To This Policy:

IL 00 03 - Calculation of Premium
IL 00 17 - Common Policy Conditions (**IL 01 46** in Washington)
IL 00 21 - Broad Form Nuclear Exclusion (not applicable in New York)
IL 78 40 IL - Policyholder and Applicant Notice - Civil Unions - Illinois

CADS7725 (08-09), CA0001 (03-06), CA0120 (06-03), CA0270 (08-94), CA2001 (03-06),
CA2018 (12-93), CA2130 (11-08), CA2384 (01-06), CA2394 (03-06), CA7510 (08-06),
CA7533 (08-09), CA7540IL (10-11), CA7801IL (05-11), CA9954 (07-97), CA0162,
ILDS7701 (04-11), IL0162 (09-08).

| Countersignature Of Authorized Representative |
|---|
| Name: |
| Title: |
| Signature: |
| Date: |

**ITEM TWO**

## Schedule Of Coverages And Covered Autos

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| Coverages & Limits | Covered Autos | Premium |
|---|---|---|
| **Liability**<br>Limit = $ 350,000 CSL | 10 | $ ▄▄▄▄ |
| **Personal Injury Protection**<br>**(Or Equivalent No-Fault Coverage)**<br>Limit = Separately Stated In Each PIP Endorsement<br>Minus $         Deductible. | | $ |
| **Added Personal Injury Protection**<br>**(Or Equivalent Added No-Fault Coverage)**<br>Limit = Separately Stated In Each Added PIP<br>       Endorsement | | $ |
| **Extraordinary Medical Benefits**<br>Limit = Separately Stated in each Extraordinary<br>      Medical Benefit Endorsement | | $ |
| **Auto Medical Payments**<br>Limit = $ | | $ |
| **Medical Expense And Income Loss Benefits**<br>**(Virginia Only)**<br>Limit = Separately Stated In Each Medical Expense<br>     And Income Loss Benefits Endorsement | | $ |
| **Uninsured Motorists**<br>Limit = $ 40,000 CSL | 10 | $ ▄▄▄▄ |
| **Underinsured Motorists**<br>**(When Not Included In Uninsured Motorists Coverage)**<br>Limit = $ | | $ |
| **Supplementary Uninsured Motorists**<br>Limit = $<br>The maximum amount payable under SUM Coverage shall be the policy's SUM limits reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident as specified in the SUM endorsement. | | $ |

ISO Properties, Inc., 2005

CA DS 03 03 06

**ITEM TWO**

**Schedule Of Coverages And Covered Autos (Continued)**

| Coverages & Limits | Covered Autos | Premium |
|---|---|---|
| **Physical Damage Comprehensive Coverage**<br>Limit = Actual Cash Value Or Cost Of Repair,<br>Whichever Is Less, Minus<br>$       Deductible For Each Covered<br>Auto, But No Deductible Applies To Loss<br>Caused By Fire Or Lightning.<br>See Item Four For Hired Or Borrowed Autos. | | $ |
| **Physical Damage Specified Causes Of Loss Coverage**<br>Limit = Actual Cash Value Or Cost Of Repair,<br>Whichever Is Less, Minus<br>$       Deductible For Each Covered<br>Auto For Loss Caused By Mischief<br>Or Vandalism.<br>See Item Four For Hired Or Borrowed Autos. | | $ |
| **Physical Damage Collision Coverage**<br>Limit = Actual Cash Value Or Cost Of Repair,<br>Whichever Is Less, Minus<br>$       Deductible For Each Covered<br>Auto.<br>See Item Four For Hired Or Borrowed Autos. | | $ |
| **Physical Damage Towing And Labor**<br>Limit = $       For Each Disablement Of A<br>Private Passenger Auto. | | $ |
| **Premium For Endorsements** | | $ |
| **Estimated Total Premium \*** | | $ ▬▬▬▬ |
| *This Policy May Be Subject To Final Audit. | | |

*SEE ENDORSEMENT CA9954

**ITEM THREE - Schedule Of Covered Autos You Own**

| Veh No. | DESCRIPTION (Year, Model, VIN) | | Original Cost New | Stated Amount |
|---|---|---|---|---|
| 1 | 2010 CHRYSLER TOWN & COU | 2A4RR5D1XAR266592 | $ | $ |

| Veh No. | Code | CLASSIFICATION Radius (Miles) | Use | Size (GVW) | TERRITORY (Principal Garage Location) |
|---|---|---|---|---|---|
| 1 | 4159 | | | | ARLINGTON HEIGHTS    IL  Terr: 115 |

**COVERAGES**

| Veh No. | CSL Limit* | Personal Injury Protection Ded  Addl | Extra Med Limit* | Med Pay Limit | Medical Expense & Income Loss | Uninsured (UM) Limit* | Underinsured (UIM) Limit* | SUM Limit* |
|---|---|---|---|---|---|---|---|---|
| 1 | 350 | | | | | 40 | | |

\* Limits Shown Are In Thousands
\*\* Refer to ITEM TWO for Detail of Split Limits

**PREMIUMS**

| Veh No. | CSL | Basic PIP | Addl PIP | Extra Med | Med Pay | Med Exp & Income | UM | UIM | SUM |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $ | | | | | | | | |

| Veh No. | PHYSICAL DAMAGE COVERAGE Deductibles Comp  Spec Peril | Coll | Towing & Labor Limit | PHYSICAL DAMAGE PREMIUMS Comp | Spec Peril | Coll | Towing & Labor | TOTAL PREMIUM |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | $ |

**LOSS PAYEES**

| Veh No. | Except for Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below As Interests May Appear At The Time Of The Loss |
|---|---|

ISO Properties, Inc., 2005

CA DS 03 03 06

**ITEM FOUR**

**Schedule Of Hired Or Borrowed Covered Auto Coverage And Premiums**

| | Liability Coverage - Rating Basis, Cost Of Hire | | | |
|---|---|---|---|---|
| State | Estimated Cost Of Hire For Each State | Rate Per Each $100 Cost Of Hire | Factor (If Liability Coverage Is Primary) | Premium |
| | | $ | | $ |

| | Liability Coverage - Rating Basis, Number Of Days - (For Mobile Or Farm Equipment - Rental Period Basis) | | | |
|---|---|---|---|---|
| State | Estimated Number Of Days Equipment Will Be Rented | Base Premium | Factor | Premium |
| | | $ | | $ |
| | | | Total Premium | $ |

Cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

**Physical Damage Coverage**

| Coverages | Limit Of Insurance | | |
|---|---|---|---|
| **Comprehensive** | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning. | | |
| | Estimated Annual Cost Of Hire | Rate Per Each Annual Cost Of Hire | Premium |
| | $ | $ | $ |
| **Specified Causes Of Loss** | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism. | | |
| | Estimated Annual Cost Of Hire | Rate Per Each Annual Cost Of Hire | Premium |
| | $ | $ | $ |
| **Collision** | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus $ Deductible For Each Covered Auto. | | |
| | Estimated Annual Cost Of Hire | Rate Per Each Annual Cost Of Hire | Premium |
| | $ | $ | $ |

| Total Premium: | $ |
|---|---|

**ITEM FIVE**

**Schedule For Non-Ownership Liability**

| Named Insured's Business | Rating Basis | Number | Premium |
|---|---|---|---|
| Other Than Garage Service Operations And Other Than Social Service Agencies | Number Of Employees | | $ |
| | Number Of Partners | | $ |
| Garage Service Operations | Number Of Employees Whose Principal Duty Involves The Operation Of Autos | | $ |
| Social Service Agencies | Number Of Employees | | $ |
| | Number Of Volunteers | | $ |
| | Total Premiums | | $ |

**ITEM SIX**

**Schedule For Gross Receipts Or Mileage Basis - Liability Coverage - Public Auto Or Leasing Rental Concerns**

| Location No: | | |
|---|---|---|
| (Check One) | Gross Receipts (Per ~~████~~ | Mileage (Per Mile) |
| Estimated Yearly: | | |
| Rates | | |
| Liability | $ | |
| Auto Medical Payments | $ | |
| Medical Expense Benefits (VA Only) | $ | |
| Income Loss Benefits (VA Only) | $ | |
| Premiums | | |
| Liability | $ | |
| Auto Medical Payments | $ | |
| Medical Expense Benefits (VA Only) | $ | |
| Income Loss Benefits (VA Only) | $ | |

ISO Properties, Inc., 2005

CA DS 03 03 06

| Total Premiums | |
|---|---|
| Minimum Liability | $ |
| Minimum Auto Medical Payments | $ |
| Minimum Medical Expense Benefits (VA Only) | $ |
| Minimum Income Loss Benefits (VA Only) | $ |
| Liability | $ |
| Auto Medical Payments | $ |
| Medical Expense Benefits (VA Only) | $ |
| Income Loss Benefits (VA Only) | $ |

| Location Number | Address |
|---|---|
| | |

When used as a premium basis:

**FOR PUBLIC AUTOS**

Gross Receipts means the total amount to which you are entitled for transporting passengers, mail or merchandise during the policy period regardless of whether you or any other carrier originate the transportation. Gross Receipts does not include:

**A.** Amounts you pay to railroads, steamship lines, airlines and other motor carriers operating under their own ICC or PUC permits.

**B.** Advertising revenue.

**C.** Taxes which you collect as a separate item and remit directly to a governmental division.

**D.** C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing units operated during the policy period.

**FOR RENTAL OR LEASING CONCERNS**

Gross receipts means the total amount to which you are entitled for the leasing or rental of "autos" during the policy period and includes taxes except those taxes which you collect as a separate item and remit directly to a governmental division.

Mileage means the total of all live and dead mileage developed by all the "autos" you leased or rented to others during the policy period.

CAA  6601935 – 11      01/01/13      SSC      01/25/13

## SCHEDULE OF "INSURED(S)"

This Schedule continues Item One of the Declarations of this policy.

The following person(s) and/or organization(s) are authorized driver "insured(s)":

| No: | Name of Authorized Driver(s): | | DOB: | DL#: |
|-----|-------------------------------|--|------|------|
| 001 | JAROSLAVAS | BIELIAUSKAS | 05/21/1978 | B42242078145 |

Copyright 2009 StarNet Insurance Company
Includes material copyrighted by ISO Properties, Inc., with its permission

COMMERCIAL AUTO
CA 00 01 03 06

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

 © ISO Properties, Inc., 2005 □

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|----|---|---|

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols 1, 2, 3, 4, 5, 6 or 19 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. **Who Is An Insured**

   The following are "insureds":

   a. You for any covered "auto".

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

 © ISO Properties, Inc., 2005 CA 00 01 03 06 □

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

2. Coverage Extensions

a. Supplementary Payments

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

b. Out-Of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. Exclusions

This insurance does not apply to any of the following:

1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

2. Contractual

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. Employee Indemnification And Employer's Liability

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

8. **Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

9. **Operations**

"Bodily injury" or "property damage" arising out of the operation of:

a. Any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment"; or

b. Machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

10. **Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph a. or b. above.

Your work will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

11. **Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

© ISO Properties, Inc., 2005
CA 00 01 03 06

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

12. **War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

13. **Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

C. **Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**SECTION III –PHYSICAL DAMAGE COVERAGE**

A. **Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. **Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. **Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with an-other object; or

(2) The covered "auto's" overturn.

2. Towing

We will pay up to the limit shown in the Decla-rations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

3. Glass Breakage –Hitting A Bird Or Animal – Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" colli-sion or overturn considered a "loss" under Col-lision Coverage.

4. Coverage Extensions

a. Transportation Expenses

We will pay up to $20 per day to a maxi-mum of $600 for temporary transportation expense incurred by you because of the to-tal theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expi-ration, when the covered "auto" is returned to use or we pay for its "loss".

b. Loss Of Use Expenses

For Hired Auto Physical Damage, we will pay expenses for which an "insured" be-comes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use ex-penses if caused by:

(1) Other than collision only if the Declara-tions indicate that Comprehensive Cov-erage is provided for any covered "auto";

(2) Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

(3) Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any ex-penses for loss of use is $20 per day, to a maximum of $600.

B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is ex-cluded regardless of any other cause or event that contributes concurrently or in any se-quence to the "loss".

a. Nuclear Hazard

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioac-tive contamination, however caused.

b. War Or Military Action

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, includ-ing action in hindering or defending against an actual or expected attack, by any government, sovereign or other au-thority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by gov-ernmental authority in hindering or de-fending against any of these.

2. We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being pre-pared for such a contest or activity.

3. We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown.

b. Blowouts, punctures or other road damage to tires.

4. We will not pay for "loss" to any of the follow-ing:

a. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

© ISO Properties, Inc., 2005

CA 00 01 03 06     ☐

b. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

c. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

d. Any accessories used with the electronic equipment described in Paragraph c. above.

Exclusions 4.c. and 4.d. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

C. Limit Of Insurance

1. The most we will pay for "loss" in any one "accident" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of the "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

D. Deductible

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

SECTION IV –BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

A. Loss Conditions

1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

(1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

(2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4) Agree to examinations under oath at our request and give us a signed statement of your answers.

3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. Loss Payment –Physical Damage Coverages

At our option we may:

a. Pay for, repair or replace damaged or stolen property;

b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

B. General Conditions

1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

4. No Benefit To Bailee –Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

© ISO Properties, Inc., 2005
CA 00 01 03 06

5. **Other Insurance**

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

(1) Excess while it is connected to a motor vehicle you do not own.

(2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a. During the policy period shown in the Declarations; and

b. Within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

(1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

8. **Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means:

1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

(1) The "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph 6.b. or 6.c. of the definition of "mobile equipment".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

E. "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

F. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

H. "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

 © ISO Properties, Inc., 2005 CA 00 01 03 06 □

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

   a. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing; or

   b. That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

   c. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

I. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

J. "Loss" means direct and accidental loss or damage.

K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2. Vehicles maintained for use solely on or next to premises you own or rent;

3. Vehicles that travel on crawler treads;

4. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

   a. Power cranes, shovels, loaders, diggers or drills; or

   b. Road construction or resurfacing equipment such as graders, scrapers or rollers.

5. Vehicles not described in Paragraph 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   a. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   b. Cherry pickers and similar devices used to raise or lower workers.

6. Vehicles not described in Paragraph 1., 2., 3. or 4. above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   a. Equipment designed primarily for:

     (1) Snow removal;

     (2) Road maintenance, but not construction or resurfacing; or

     (3) Street cleaning;

   b. Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   c. Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

L. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

M. "Property damage" means damage to or loss of use of tangible property.

 © ISO Properties, Inc., 2005 □

N. "Suit" means a civil proceeding in which:

   1. Damages because of "bodily injury" or "property damage"; or

   2. A "covered pollution cost or expense",

to which this insurance applies, are alleged.

"Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

O. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

P. "Trailer" includes semitrailer.

© ISO Properties, Inc., 2005

CA 00 01 03 06    □

COMMERCIAL AUTO
CA 01 20 06 03

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ILLINOIS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Illinois, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. Paragraph 1.b.(3) of the Who Is An Insured provision in the Business Auto, Motor Carrier and Truckers Coverage Forms and Paragraph 3.a.(2)(c) of the Who Is An Insured provision in the Garage Coverage Form do not apply.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by the Illinois Safety Responsibility Law as follows:

   a. $20,000 for "bodily injury" to any one person caused by any one "accident",

   b. $40,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $15,000 for "property damage" caused by any one "accident".

   This provision will not change our total Limit Of Insurance.

**B. Changes In Physical Damage Coverage**

The Limit Of Insurance provision with respect to repair or replacement resulting in better than like kind or quality is replaced by the following, and supersedes any provision to the contrary:

We may deduct for betterment if:

1. The deductions reflect a measurable decrease in market value attributable to the poorer condition of, or prior damage to, the vehicle.

2. The deductions are for prior wear and tear, missing parts and rust damage that is reflective of the general overall condition of the vehicle considering its age. In this event, deductions may not exceed $500.

**C. Changes In Conditions**

The Other Insurance Condition in the Business Auto Coverage Form, and the Other Insurance – Primary And Excess Insurance Provisions in the Truckers and Motor Carriers Coverage Forms, is changed by the addition of the following:

Liability Coverage provided by this Coverage Form for any "auto" you do not own is primary if:

1. The "auto" is owned or held for sale or lease by a new or used vehicle dealership;

2. The "auto" is operated by an "insured" with the permission of the dealership described in Paragraph 1. while your "auto" is being repaired or evaluated; and

3. The Limit of Insurance for Liability Coverage under this policy is at least:

   a. $100,000 for "bodily injury" to any one person caused by any one "accident",

   b. $300,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $50,000 for "property damage" caused by any one "accident".

© ISO Properties, Inc., 2002

**URGO & NUGENT, LTD.**
ATTORNEYS AT LAW
TWO NORTH LASALLE STREET
SUITE 1800
CHICAGO, IL 60602
TELEPHONE (312) 263-6635
FACSIMILE (312) 263-1329

330 South Naperville Road Ste. 240
Wheaton, IL 60187
Telephone (630) 653-0123

IN REPLY
Refer to File No.: **F-4625**

November 12, 2014

Ms. Jackie Placchetti
Chubb Group of Insurance Companies
600 Independence Parkway
PO Box 4700
Chesapeake, VA 23327-4700

Re:  Hayhurst v. Bieliaukas, et al.
Unites States District Court for the Northern District of Illinois Court No.: 14 CV 2196
Date of Loss: 6/10/2013
Our Insured: Jaroslavas Bieliauskas
Your Claim No.: 047513027161
Your Insured: Scott Schweighauser

Dear Ms. Placchetti,

We represent Jaroslavas Bieliauskas in a lawsuit filed by Helen Hayhurst in the United States District Court for the Northern District of Illinois for personal injuries she allegedly suffered as a result of three car collision which occurred on June 10, 2013 at 6:50 a.m. on Interstate 294 near mile marker 41. Her claimed damages are significant.

You have submitted a claim to York Risk Services under the policy issued to Mr. Bielauskas, Starnet Insurance Company Policy No. CAA6601935, for property damage to the vehicle owned by your insured, Scott Schweighauser for the amount of $30,686.50. An additional claim for property damage and an additional claim for personal injury have been submitted under the same policy. That policy has a combined single limit of $350,000.00, and the value of the claims exceeds that amount.

Please contact the undersigned at your earliest convenience to discuss the settlement of your claim in light of the others. A global settlement conference may be beneficial. We may initiate interpleader pleadings in the future if we cannot reach an agreement. I look forward to hearing from you soon.

Very truly yours,

Sarah Albrecht

Sarah E. Albrecht



**EXHIBIT**
B

MJU/SEA

**URGO & NUGENT, LTD.**
330 South Naperville Road Ste. 240
**ATTORNEYS AT LAW**
TWO NORTH LASALLE STREET
SUITE 1800
CHICAGO, IL 60602
TELEPHONE (312) 263-6635
FACSIMILE (312) 263-1329

Wheaton, IL 60187
Telephone (630) 653-0123

IN REPLY
Refer to File No.: **F-4625**

November 12, 2014

Shan Mertins
National Car Rental
PO Box 842264
Dallas, TX 752842264
E-mail: Shan.R.Mertins@ehi.com

      Re:     Hayhurst v. Bieliaukas, et al.
              Unites States District Court for the Northern District of Illinois Court No.: 14 CV 2196
              Date of Loss: 6/10/2013
              Our Insured: Jaroslavas Bieliauskas
              Your Claim No.:  03998089

Dear Shan Mertins,

      We represent Jaroslavas Bieliauskas in a lawsuit filed by Helen Hayhurst in the United States District Court for the Northern District of Illinois for personal injuries she allegedly suffered as a result of three car collision which occurred on June 10, 2013 at 6:50 a.m. on Interstate 294 near mile marker 41. Her claimed damages are significant.

      You have submitted a claim to York Risk Services under the policy issued to Mr. Bielauskas, Starnet Insurance Company Policy No. CAA6601935, for property damage to the vehicle owned by your insured for the amount of $19,549.09. An additional claim for property damage and an additional claim for personal injury have been submitted under the same policy. That policy has a combined single limit of $350,000.00, and the value of the claims exceeds that amount.

      Please contact the undersigned at your earliest convenience to discuss the settlement of your claim in light of the others. A global settlement conference may be beneficial. We may initiate interpleader pleadings in the future if we cannot reach an agreement. I look forward to hearing from you soon.

              Very truly yours,

              Sarah E. Albrecht

MJU/SEA

**URGO & NUGENT, LTD.**
ATTORNEYS AT LAW
TWO NORTH LASALLE STREET
SUITE 1800
CHICAGO, IL 60602
TELEPHONE (312) 263-6635
FACSIMILE (312) 263-1329

330 South Naperville Road Ste. 240
Wheaton, IL 60187
Telephone (630) 653-0123

IN REPLY
Refer to File No.: **F-4625**

November 13, 2014

Scott Schweighouser
263 N. Mayflower Road
Lake Forest, IL 60045

    Re:    Hayhurst v. Bieliaukas, et al.
            Unites States District Court for the Northern District of Illinois Court No.: 14 CV 2196
            Date of Loss: 6/10/2013
            Our Insured: Jaroslavas Bieliauskas

Dear Mr. Schweighouser,

    We represent Jaroslavas Bieliaukas in a lawsuit filed by Helen Hayhurst in the United States District Court for the Northern District of Illinois for personal injuries she allegedly suffered as a result of three car collision which occurred on June 10, 2013 at 6:50 a.m. on Interstate 294 near mile marker 41. Her claimed damages are significant.

    You have two years from the date of the accident to submit a claim for personal injury under the policy issued to Mr. Bielauskas, Starnet Insurance Company Policy No. CAA6601935. Two claims for personal injury and two claims for property damage have been submitted under the policy. The policy has a combined single limit of $350,000.00, and the value of the claims exceeds that amount.

    During our telephone conversation on November 12, 2014, you indicated that you do not plan to submit a claim for personal injury. Don't hesitate to contact me should you have any questions or comments.

           Very truly yours,

           Sarah E. Albrecht

MJU/SEA

**URGO & NUGENT, LTD.**
**ATTORNEYS AT LAW**
TWO NORTH LASALLE STREET
SUITE 1800
CHICAGO, IL 60602
TELEPHONE (312) 263-6635
FACSIMILE (312) 263-1329

330 South Naperville Road Ste. 240
Wheaton, IL 60187
Telephone (630) 653-0123

IN REPLY
Refer to File No.: **F-4625**

November 13, 2014

Carmi Weinzweig
9711 N. Kildare
Skokie, IL 60076

Re:     Hayhurst v. Bieliaukas, et al.
        Unites States District Court for the Northern District of Illinois Court No.: 14 CV 2196
        Date of Loss: 6/10/2013
        Our Insured: Jaroslavas Bieliauskas

Dear Carmi Weinzweig,

    We represent Jaroslavas Bieliauskas in a lawsuit filed by Helen Hayhurst in the United States
District Court for the Northern District of Illinois for personal injuries she allegedly suffered as a result of
three car collision which occurred on June 10, 2013 at 6:50 a.m. on Interstate 294 near mile marker 41.
Her claimed damages are significant.

    You have submitted a claim to York Risk Services under the policy issued to Mr. Bielauskas,
Starnet Insurance Company Policy No. CAA6601935, for damages for personal injury. In addition, two
claims for propertydamage have been submitted under the same policy. That policy has a combined single
limit of $350,000.00, and the value of the claims exceeds that amount.

    Please contact the undersigned at your earliest convenience to discuss the settlement of your claim
in light of the others. A global settlement conference may be beneficial. We may initiate interpleader
pleadings in the future if we cannot reach an agreement. I look forward to hearing from you soon.

                        Very truly yours,

                        Sarah E. Albrecht

MJU/SEA

**URGO & NUGENT, LTD.**
**ATTORNEYS AT LAW**
TWO NORTH LASALLE STREET
SUITE 1800
CHICAGO, IL 60602
TELEPHONE (312) 263-6635
FACSIMILE  (312) 263-1329

330 South Naperville Road Ste. 240
Wheaton, IL 60187
Telephone (630) 653-0123

IN REPLY
Refer to File No.: **F-4625**

November 26, 2014

Michael Charles Baranger
24356 Graciela
Mission Viejo, CA 92690

  Re: Hayhurst v. Bieliaukas, et al.
    Unites States District Court for the Northern District of Illinois Court No.: 14 CV 2196
    Date of Loss: 6/10/2013
    Our Insured: Jaroslavas Bieliauskas

Dear Mr. Baranger ,

  We represent Jaroslavas Bieliauskas in a lawsuit filed by Helen Hayhurst in the United States District Court for the Northern District of Illinois for personal injuries she allegedly suffered as a result of three car collision which occurred on June 10, 2013 at 6:50 a.m. on Interstate 294 near mile marker 41. Her claimed damages are significant.  You were a passenger in one of the vehicles involved in the collossion.

  You have two years from the date of the accident to submit a claim for personal injury under the policy issued to Mr. Bielauskas, Starnet Insurance Company Policy No. CAA6601935.  Two claims for personal injury and  two claims for property damage have been submitted under the policy.  The policy has a combined single limit of $350,000.00, and the value of the claims exceeds that amount.

  We may file an interpleader action to bring you before the Court as a potential claimant against the aforementioned policy.  Don't hesitate to contact me should you have any questions or comments.

    Very truly yours,

    Sarah E. Albrecht

MJU/SEA