IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN HAYHURST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No.: 14 CV 2196 |
| ) | |
| 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, ) | |
| Individually and as agent of 303 TAXI, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| STARNET INSURANCE COMPANY, BERKLEY ) | |
| RISK ADMINISTRATES COMPANY, LLC, ) | |
| YORK RISK SERVICES GROUP, INC., 303 TAXI, LLC ) | |
| and JAROSLAVAS BIELIAUSKAS ) | |
| ) | |
| Plaintiffs in Interpleader, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL CAR RENTAL, a Delaware Corporation, ) | |
| ENTERPRISE LEASING COMPANY OF CHICAGO, ) | |
| LLC, a Delaware limited liability company d/b/a ) | |
| ENTERPRISE HOLDINGS, EAN HOLDINGS, LLC, ) | |
| a Delaware limited liability company, ) | |
| CHUBB GROUP OF INSURANCE COMPANIES, ) | |
| HELEN HAYHURST, an individual, SCOTT ) | |
| SCHWEIGHOUSER, an individual, CARMI ) | |
| WEINZWEIG, an individual, MICHAEL CHARLES ) | |
| BARANGER, an individual, ) | |
| ) | |
| Defendants in Interpleader. ) | |

**JOINT MOTION TO DISMISS**

The Plaintiff HELEN HAYHURST, the Defendants 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, and the Plaintiffs in Interpleader, STARNET INSURANCE COMPANY, BERKLEY, RISK ADMINISTRATES COMPANY, LLC, YORK RISK SERVICES GROUP,

INC., 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, move this Honorable Court, pursuant to Rule 41(a) of the federal Rules of Civil Procedure, to voluntarily dismiss the Plaintiff's complaint in *Helen Hayhurst v. 303 Taxi, LLC and Jaroslavas Bieliauskas*, Court No.: 14 CV 2196, with prejudice, while the Interpleader action filed in connection with this matter, *Starnet Insurance Company, Berkley, Risk Administrates Company, LLC, York Risk Services Group, Inc., 303 Taxi, LLC and Jaroslavas Bieliauskas v. National Car Rental, a Delaware Corporation, Enterprise Leasing Company Of Chicago, LLC, a Delaware limited liability company d/b/a Enterprise Holdings, Ean Holdings, LLC, a Delaware limited liability company, Chubb Group Of Insurance Companies, Helen Hayhurst, Scott Schweighouser, Carmi Weinzweig, and Michael Charles Baranger,* Court No.: 14 CV 2196 ("Interpleader"), remains pending, and in support thereof state as follows:

1. HELEN HAYHURST, filed a lawsuit in the United States District Court in the Northern District of Illinois, against 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS seeking damages for personal injury she allegedly suffered as a result of a car accident which occurred on southbound Interstate 294 at or near mile marker 41, County of Cook, State of Illinois on June 10, 2013 and styled: *Helen Hayhurst v. 303 Taxi and Jaroslavas Bieliauskas, individually and as agent of 303 Taxi, LLC*, Court No. 13-cv-2196.

2. On the date of the incident, 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS were insured under a policy of insurance issued by STARNET INSURANCE COMPANY under Policy No. CAA6601935 with a total limit of $350,000.00 (the "Policy") for the losses claimed in connection with the aforementioned automobile accident. A true and correct copy of the Certificate of Insurance issued to Jaroslavas Bieliauskas is attached hereto as Exhibit A.

3. Defendant in Interpleader, NATIONAL CAR RENTAL, has submitted a claim for property damage as a result of the accident against the Policy.in the amount of $19,549.09.

4. Defendant in Interpleader, CHUBB GROUP OF INSURANCE COMPANIES, has submitted a claim for property damage as a result of the accident against the Policy in the amount of $30,686.50.

5. Defendant in Interpleader, CARMI WEINZWEIG, has submitted a claim for personal injury as a result of the accident against the Policy in an undetermined amount.

6. SCOTT SCHWEIGHOUSER and MICHAEL CHARLES BARANGER have potential claims for personal injury as a result of the accident against the Policy

7. STARNET INSURANCE COMPANY, BERKLEY, RISK ADMINISTRATES COMPANY, LLC, YORK RISK SERVICES GROUP, INC., 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS ("Plaintiffs in Interpleader") filed the Interpleader because the value of the current and potential claims against the Policy exceed the total limit of $350,000.00.

8. Plaintiffs in Interpleader have agreed to tender and HELEN HAYHURST has agreed to accept $290,000.00, plus the prospect of an additional $10,000.00, in exchange for a release of all claims in connection with the automobile accident, and those parties have reached an amicable settlement. A true and correct copy of the proposed Release settlement agreement is attached hereto as Exhibit B.

9. No party to this action has alleged that this settlement is the product of fraud, duress, collusion or gross inequity or that this agreement is anything other than a good faith settlement between Plaintiffs in Interpleader and HELEN HAYHURST.

10. The parties request that this Court finds the settlement is fair, just, reasonable, and appropriate.

3

WHEREFORE, Plaintiff HELEN HAYHURST, the Defendants 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, and the Plaintiffs in Interpleader, STARNET INSURANCE COMPANY, BERKLEY, RISK ADMINISTRATES COMPANY, LLC, YORK RISK SERVICES GROUP, INC., 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, request that this Honorable Court enter an order:

(a) dismissing the Plaintiff's Complaint with prejudice, the Interpleader action filed in connection with matter aforesaid to remain pending, and with each party to bear its own costs;

(b) with a finding that the settlement agreement between HELEN HAYHURST and STARNET INSURANCE COMPANY, BERKLEY, RISK ADMINISTRATES COMPANY, LLC, YORK RISK SERVICES GROUP, INC., 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS was made in good faith, is fair just, reasonable, and appropriate, and is approved by this Honorable Court;

(c) and granting any such other and further relief as this Court deems just and appropriate.

_____
Sarah E. Albrecht (#6295753)
URGO & NUGENT, LTD.
Two North LaSalle Street, Suite 1800
Chicago, IL 60602
(312) 263-6635
Attorneys for the Defendants,
303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS

_____
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 510
Chicago, IL 60601
(312) 832-0008
Attorney for Plaintiff,
HELEN HAYHURST

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 3/1/2013

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

PRODUCER: Eastern Cab Insurance Agency
5200 N. Otto
Chicago, IL 60656
www.buplic.com

CONTACT NAME: Stephen Bosy
PHONE (A/C, No, Ext): 312-705-1133
FAX (A/C, No): 312-781-0373
E-MAIL ADDRESS: sbosy@buplic.com

INSURER(S) AFFORDING COVERAGE — NAIC #
INSURER A: Starnet Insurance Company — 40045
INSURER B:
INSURER C:
INSURER D:
INSURER E:
INSURER F:

INSURED: Jaroslavas Bieliauskas
320 W Ivy Ln
Arlington Heights IL 60004-3038

COVERAGES   CERTIFICATE NUMBER: 15626444   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS |
|---|---|---|---|---|---|---|---|
| | GENERAL LIABILITY | | | | | | EACH OCCURRENCE $ |
| | ☐ COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) $ |
| | ☐ CLAIMS-MADE ☐ OCCUR | | | | | | MED EXP (Any one person) $ |
| | | | | | | | PERSONAL & ADV INJURY $ |
| | | | | | | | GENERAL AGGREGATE $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PROJECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG $ |
| A | AUTOMOBILE LIABILITY | | | CAA6601935 | 1/1/2013 | 1/1/2014 | COMBINED SINGLE LIMIT (Ea accident) $ 350,000 |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) $ |
| | ☐ ALL OWNED AUTOS ☑ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) $ |
| | ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR | | | | | | EACH OCCURRENCE $ |
| | ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | AGGREGATE $ |
| | DED ☐ RETENTION $ | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER E.L. EACH ACCIDENT $ E.L. DISEASE - EA EMPLOYEE $ E.L. DISEASE - POLICY LIMIT $ |
| A | UM/UIM | | | CAA6601935 | 1/1/2013 | 1/1/2014 | $40,000 CSL |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Cab No.: 344  Plate No. 28830TX  Vehicle Year/Make/Model: 2010 CHRYSLER T & C  Vehicle VIN No.: 2A4RR5D1XAR266592
Should any of the above policies be cancelled before the expiration date shown above, the issuing insurer will mail a written notice 10 days in advance of cancellation to the certificate holder named below.

CERTIFICATE HOLDER:
S.O.S. Taxi/Livery Dept
5401 N. Elston Ave
Chicago IL 60630

CANCELLATION:
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE: Jeffrey Spratt [signature]

© 1988-2010 ACORD CORPORATION
ACORD 25 (2010/05)   The ACORD name and logo are registered marks of ACORD

CERT NO.: 15626444  CLIENT CODE: 2013 - 2014  Tom Dubmann 3/1/2013 7:36:32 AM Page 1 of 1

EXHIBIT A

F-4625

## RELEASE

This Settlement Agreement is made by and between 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS on the one hand and HELEN HAYHURST on the other. As used herein, "the parties" shall mean 303 TAXI, LLC and JAROSLAVAS BIELIAUSKAS, and HELEN HAYHURST together.

For the Sole Consideration of:

**Two Hundred Ninety Thousand Dollars and Zero Cents ($290,000.00)**, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges:

*303 TAXI, LLC, JAROSLAVAS BIELIAUSKAS, STARNET INSURANCE COMPANY, BERKLEY PROGRAM SPECIALISTS, and YORK RISK SERVICES GROUP, INC.*

Their heirs, executors, administrators, agents, and assigns, and all other persons, firms or corporations, liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, to HELEN HAYHURST, which have resulted or any in the future develop from an automobile accident which occurred on or about the **10th** day of **June**, **2013** at or near:

southbound Interstate 294 at or near mile marker 41, County of Cook, State of Illinois

If any funds remain under the policy of insurance issued by STARNET INSURANCE COMPANY (the "Policy") to Jaroslavas Bieliauskas under Policy No. CAA6601935 after each and every additional claim against the funds, whether for bodily injury, property damage, otherwise, have been released and the statues of limitations for bringing such claims have run, those remaining funds, if any, up to $10,000.00 shall be paid to HELEN HAYHURST as further consideration for the release of claims and discharge of persons and entities listed above.

I understand said Payers, by reason of agreeing to this compromise payment, neither admit nor deny liability of any sort, and said Payers have made no agreement or promise to do or omit to do any act or thing not herein set forth and I further understand that this release is made as a compromise to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said accident.

I admit that no representation of fact or opinion has been made by the said Payers or anyone on her, his, or their behalf to induce this compromise with respect to the extent, nature or permanency of said injuries or as to the likelihood of future complications or recovery therefrom and that the sum paid is solely by way of compromise of a disputed claim, and that in determining said sum there has been taken into consideration the fact that serious or unexpected consequences might result from the present injuries, known or unknown, from said accident, and it is therefore specifically agreed that this release shall be a complete bar to all claims or suits for injuries or damages of whatsoever nature resulting or to result from said accident.



EXHIBIT B

The undersigned represents that there are no liens by any hospital, ambulance service, other medical provider, Medicare, Medicaid or insurance company enforceable against the proceeds of this settlement or against the parties. If such a lien is asserted against the proceeds herein, or against the released parties, 303 TAXI, LLC, JAROSLAVAS BIELIAUSKAS, STARNET INSURANCE COMPANY, BERKLEY PROGRAM SPECIALISTS, and YORK RISK SERVICES GROUP, INC., then, in consideration of the payment to be made to the undersigned, the undersigned agrees to pay and satisfy such asserted lien and to indemnify and hold harmless the released parties 303 TAXI, LLC, JAROSLAVAS BIELIAUSKAS, STARNET INSURANCE COMPANY, BERKLEY PROGRAM SPECIALISTS, and YORK RISK SERVICES GROUP, INC., from any costs, penalties, expenses, attorney fees, claims, actions, judgment, or settlements resulting from the assertion or enforcement of such lien. The undersigned certifies that they have made a thorough and diligent inquiry as to whether they have received Medicare and Medicaid benefits as a result of the incident alleged by the undersigned. The undersigned certifies that they have not received any Medicare or Medicaid benefits as a result of the incident alleged by the undersigned, and that they have so informed the Releases. The undersigned acknowledges that, based on said representations Releases will not include the Centers for Medicaid and Medicare Services (CMS), Medicare or Medicaid as a payee on any settlement draft.

The undersigned hereby declare that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purposes of making a full and final compromise adjustment and settlement of her personal injury, disputed or otherwise, on account of the injuries above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

This release of all claims and indemnification agreement contains the entire agreement between the parties hereto and the terms of this release of all claims and indemnification agreement are contractual and not a mere recital.

**THAT THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

In Witness Whereof, I have hereunto set ___my___ hand(s) and seal(s) this ___19___ day of ___March___, 2015.

In presence of:

_____
Witness

Signed: _____
HELEN HAYHURST